## PROVIDENCE COUNTY.

———◆———

MARY o. ꞋꞋ MITCHELL *vs.* GODFREY WORK.

13  645
18  241
13  645
d23   74

A. sued B. for an indecent assault, laying her damages at $5,000. Her bodily injuries were trifling.

*Held*, that the *gravamen* of her charge was the mental and moral outrage.

*Held*, further, that evidence was properly admitted, showing her to be unchaste in character, conduct, and reputation.

EXCEPTIONS to the Court of Common Pleas.

*May* 23, 1882. DURFEE, C. J. This case comes up on exceptions from the Court of Common Pleas. The action is trespass for assault and battery, the *ad damnum* being five thousand dollars. Testimony was introduced by the plaintiff to show that the defendant laid hands on her, taking indecent liberties with her person, and endeavored to kiss her. The defendant wholly denied committing the assault, and at the same time offered testimony to show by several witnesses that the plaintiff had been unchaste in her relations with men, and that her reputation for chastity was bad. The plaintiff objected, and the testimony was ruled in subject to exception. The jury returned a verdict for the defendant. The question is whether the rulings excepted to were correct. The plaintiff contends that the rulings were erroneous, because, whether she was chaste or unchaste, whether her reputation for chastity was good or bad, the injury to her was the same. This would be so without doubt if the plaintiff could recover damages only for her bodily injuries. But her bodily injuries were quite insignificant. A few dollars would compensate for them. The *gravamen* of the assault consists in the insult, the personal indignity, and in the mental suffering, the sense of

shame and wrong consequent upon it. The plaintiff, by laying her damages at five thousand dollars, shows that she was suing for something more than simple compensation for bodily injuries. But if damages were to be given for mental suffering, then it became important for the jury to know how much mental suffering she was likely to undergo. Now it is indisputable that the mental suffering of a vulgar and licentious woman from an indecent assault would be less than that of a modest and virtuous woman ; and it follows, therefore, that testimony tending to show that the plaintiff was a woman of immodest and unchaste character and conduct was, if not objectionable on some other ground, properly admitted. This conclusion is well supported by authority. *Ford* v. *Jones*, 62 Barb. S. C. 484; *Hogan* v. *Cregan*, 6 Rob. N. Y. 138; *Drish* v. *Davenport*, 2 Stew. Ala. 266 ; *Shattuck* v. *Myer*, 13 Ind. 46 ; *Thompson* v. *Clendening*, 1 Head, 287 ; *Barnfield* v. *Massey*, 1 Camp. 460 ; *Verry* v. *Watkins*, 7 C. & P. 308. The cases also maintain that evidence is admissible both of specific acts and of general reputation. 1 Greenleaf on Evidence, §§ 54, 55.　　　　　　　　　　　　　　　　*Exceptions overruled.*

*Hopkins & Potter*, for plaintiff.

*Simon S. Lapham*, for defendant.